United States District Court
For the Northern District of California

*E-filed on* 8/8/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYMOND CHARLES PERSIK,<br>Plaintiff,<br>v.<br>TUCCI LEARNING SOLUTIONS, INC., and HEA-JUNG ATKINS,<br>Defendants. | No. C-06-07431 RMW<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT<br>**[Re Docket No. 35, 39]** |

Defendants Tucci Learning Solutions ("TLS") and Hea-Jung Atkins ("Atkins") move to dismiss plaintiff Raymond Charles Persik's ("Persik") claims. TLS moves to dismiss Persik's first claim on the basis that it fails to state a claim. Plaintiff did not file opposition to this motion. Atkins separately moves to dismiss Persik's second claim on the basis that the court lacks subject matter jurisdiction over that claim, or, in the alternative, that it fails to state a claim. Plaintiff filed an opposition to this motion. The court has read the moving papers and considered the arguments of counsel and plaintiff (where provided). For the reasons stated below, the court GRANTS TLS's motion to dismiss plaintiff's first cause of action and GRANTS Atkins' motion to dismiss plaintiff's second cause of action.

## I. BACKGROUND

TLS previously moved to dismiss plaintiff's complaint as time-barred and for failure to state a claim. The court granted that motion as unopposed concluding, however, that plaintiff's claim was not time-barred. The court subsequently permitted plaintiff to amend his complaint.

Plaintiff brings a two-count complaint against defendants TLS and Atkins. The first claim is solely against TLS and is for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The second claim is solely against Atkins, in her official capacity as Local Director of the U.S. Equal Employment Opportunity Commission ("EEOC") for the San Jose Local Office, for "obstruction of justice" and failure to follow the EEOC's own procedures, thereby allowing alleged discrimination and abuse to continue. Plaintiff seeks to bring his second claim as a class action. Plaintiff's original complaint was filed December 1, 2006. The operative complaint, the first amended complaint, was filed June 11, 2007.

Persik was employed by TLS as a counselor for autistic children from January 27, 2005 to May 17, 2005. In his claim against TLS, Persik alleges that he is the victim of discrimination on account of his gender and his religious pro-life views. FAC ¶¶ 19, 26-27. On May 11, 2005, he filed a "Pro Life law suit" against his ex-wife "regarding a borderline late term abortion." *Id.* ¶ 20. Persik alleges that TLS retaliated by failing to provide him with full-time hours and by ultimately discharging him on May 18, 2005. *Id.* ¶¶ 20, 26.

On January 23, 2006, Persik filed an intake questionnaire with the EEOC. He filed a charge of discrimination with the EEOC on June 21, 2006. *Id.* ¶ 11(e). The EEOC dismissed his claim and mailed him a right-to-sue letter on August 29, 2006. As set forth above, the present action was filed on December 1, 2006.

## II. ANALYSIS

### A. TLS's Motion to Dismiss Persik's First Cause of Action

TLS argues that Persik's first amended complaint fails to state a Title VII claim against TLS. Plaintiff did not submit an opposition to TLS's complaint, stating at the hearing that he believed that the court had already dismissed his claim against TLS. Nevertheless, the court finds that TLS's

**United States District Court**
For the Northern District of California

motion is well-taken. For the following reasons, the allegations in Persik's first amended complaint do not state facts upon which a viable claim against TLS can be based.

Even viewing the complaint in whole and taking inferences in the light most favorable to plaintiff, the court finds that plaintiff's allegations fail to meet his obligation "to provide the 'grounds' of his 'entitle[ment] to relief'" and instead, at best, sets forth "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Plaintiff's complaint also sets forth a myriad of allegations which appear to have nothing to do with TLS. Therefore, plaintiff's allegations are insufficient to state a claim against TLS. *Id.* Plaintiff has already been given an opportunity to amend his complaint and yet has still failed to allege any factual basis for discrimination and retaliation claims against TLS. Because of the complete absence of any factual basis for his claims against TLS, the court finds that further amendment of this claim would be futile. Accordingly, his first claim against TLS is dismissed with prejudice.

**B. Atkins's Motion to Dismiss Persik's Second Claim**

Persik alleges that Atkins, in her official capacity as the San Jose Local Director of the EEOC, "obstructed justice" because her office failed to turn over information about acts that plaintiff asserts are crimes and because she "failed to supervise" the processing of his complaint. FAC ¶¶ 9, 39. First, according to plaintiff, Atkins' office obstructed justice by failing to forward information to the U.S. Attorneys' Office about two "crimes:" (1) Persik's dismissal by an employer he had previously sued during his EEOC proceedings, and (2) Persik's belief that technology that alters a person's thought processes was used by an unknown third party on at least two of the children he counseled (which he seems to maintain need to be reported by the EEOC because he is a mandatory reporter under California law). Second, Persik asserts that the EEOC failed to investigate his charge in a timely manner and accepted the recommendations of an intern which "possibly served to prevent resolution in this case." ¶ 38, 40. Persik appears to take issue with the "'At Will Employment" standard adopted by many companies such as [TLS]," *id.* at ¶ 42, and seeks to enjoin the EEOC to "work with the [class] to provide added redress for alleged victims of discrimination

caused by an employers 'At Will Employment' which forbids true equal employment in the eyes of the class." FAC ¶ 16.

As Atkins is being sued in her official capacity, the allegations against her are treated as a suit against the EEOC. Accordingly, she argues that the EEOC is entitled to sovereign immunity as an agency of the federal government and that this immunity has not been waived by Congress.

Under the doctrine of sovereign immunity, the United States is immune from suit and may define the conditions under which it will permit actions against itself. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (citations omitted). Any such consent to be sued "may not be inferred, but must be 'unequivocally expressed' in order to 'define [a] court's jurisdiction.'" *Id.* (citations omitted, alteration in original).

Absent an express waiver of sovereign immunity, neither the United States nor its agencies can be sued for money damages. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Even where a plaintiff seeks only injunctive relief, courts have nevertheless held that "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Uberoi v. EEOC*, 180 F. Supp. 2d 42, 46 (D.D.C. 2001); *see also D'Alessandro v. EEOC*, 215 F. Supp. 2d 419, 421 (D. Del. 2002).

To the extent that plaintiff seeks only injunctive relief and not money damages, the Ninth Circuit has held that this court may not grant relief on the jurisdictional grounds plaintiff invokes. *See* FAC ¶¶ 5-6. First, plaintiff cannot assert a claim against the EEOC under 42 U.S.C. § 2000e-5 because "Congress did not expressly create a cause of action against the EEOC by employees of third parties. Only present or former employees of the EEOC (or applicants for employment) who allege an unlawful employment practice committed by the EEOC as an employer may bring a Title VII action against the EEOC." *Ward v. EEOC*, 719 F.2d 311, 313 (9th Cir. 1983) (citing 42 U.S.C. § 2000e-16(c)). Second, the Ninth Circuit has held that the actions of the EEOC alleged in Persik's complaint are not reviewable under the Administrative Procedures Act ("APA"), 5 U.S.C.

§§ 702, 706. *Id.* at 313 (EEOC's inaction in the internal processing complaint has no "determinate consequences for the party to the proceeding" and thus is not a reviewable action under the APA); *see also id.* at 314 (requirement under the APA that there be "no other adequate remedy in a court" is not met).

Third, under 28 U.S.C. § 1361, court may issue a writ of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, "[m]andamus writs, as extraordinary remedies, are appropriate only when a federal officer, employee, or agency owes a nondiscretionary duty to the plaintiff that is so plainly prescribed as to be free from doubt. A plaintiff must show (1) his claim is "clear and certain"; (2) the official's duty to act is ministerial, and "so plainly prescribed as to be free from doubt"; and (3) no other adequate remedy is available. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (quoting *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986)). Plaintiff's obstruction of justice claim is far from clear or certain, nor is it at all clear that the EEOC had any duty to act in under the circumstances alleged. And, as set forth above, the Ninth Circuit has ruled in the context of the APA that there is another adequate remedy available to plaintiff. *Id.* at 314.

Even assuming that the court has jurisdiction over plaintiff's civil rights claim against Atkins (whether those are under 42 U.S.C. § 1981 or otherwise), his complaint nevertheless fails to state a claim. Virtually every circuit has held that "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997); *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 4 (2d Cir. 1997) (citing no cause of action against the EEOC for any "improper investigation or processing of a discrimination charge"); *Scheerer v. Rose State College*, 950 F.2d 661, 663 (10th Cir. 1991); *McCottrell v. EEOC*, 726 F.2d 350, 351-52 (7th Cir. 1984); *Francis-Sobel v. University of Maine*, 597 F.2d 15, 17-18 (1st Cir. 1979); *Gibson v. Missouri Pac. R.R. Co.*, 579 F.2d 890, 891 (5th Cir. 1978); *cf. Ward*, 719 F.2d at 313-14 (no implied cause of action for failure to investigate discrimination complaints adequately). Further, the court has found no basis for plaintiff to assert his generic challenge to the EEOC's stance, whatever it may be, as to at-will employment.

**United States District Court**
For the Northern District of California

Accordingly, it appears there are no grounds on which plaintiff can state a claim against the EEOC or Atkins in her official capacity. Thus, plaintiff's second cause of action must be dismissed with prejudice.

## III. ORDER

For the foregoing reasons, the court:

1. GRANTS TLS's motion to dismiss plaintiff's first cause of action with prejudice for failure to state a claim; and
2. GRANTS Atkins' motion to dismiss plaintiff's second cause of action with prejudice for lack of subject matter jurisdiction.

The dismissal with prejudice of both of plaintiff's claims disposes of this action. The clerk shall close the file.

DATED: 8/7/07

Ronald M. Whyte
RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California

**A copy of this order was mailed on** 8/8/07 **to:**

**Counsel for Plaintiffs:**

Raymond Charles Persik
P.O. Box 3553
Santa Clara, CA 95055
*PRO SE*

**Counsel for Defendants:**

Lisa M. Pooley
Hanson Bridgett Marcus Vlahos & Rudy LLP
425 Market Street, 26th Floor
San Francisco, CA 94105

James G. Allison
Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

**Dated:** 8/8/07

/s/ MAG
**Chambers of Judge Whyte**